IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

01 AUG 21 PM 3: 01

VIRGIL V. VIGIL

    Plaintiff,

vs.

No. Civ. 01-942 MV/WWD

SANTA CLARA, PUEBLO OF

    Defendant.

### MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Plaintiff's Motion for a Temporary Restraining Order (TRO), filed August 17, 2001 **[Doc. No. 2]**. The Court, having reviewed the motion, relevant law, and being otherwise fully advised, finds that the motion is not well-taken and will be **DENIED to the extent that it seeks a TRO without notice.**

Plaintiff Virgil Vigil has filed a complaint against the Pueblo of Santa Clara, alleging that the pueblo has wrongfully and illegally blocked off his entrance to his property, causing his tenants to become homeless. He also alleges that this action has been taken against him because he is of Mexican descent. Mr. Vigil has filed a motion for a TRO, seeking an order directing the pueblo to fill in ditches that have been excavated and restraining the pueblo from arresting him and/or his tenants.

Plaintiff has not provided notice of his TRO motion to the pueblo. Therefore, he may be granted a TRO only if "(1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the

applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required." Fed. R. Civ. P. 65(b). A TRO is an extraordinary remedy. Therefore, Plaintiff's "right to relief must be clear and unequivocal." *Kansas Health Care Ass'n, Inc. v. Kansas Dep't of Social & Rehabilitation Servs.*, 31 F.3d 1536, 1543 (10th Cir. 1994) (citing *SCFC ILC, Inc. v. Visa USA, Inc.*, 936 F.2d 1096, 1098 (10th Cir. 1991)).

The Court finds that Plaintiff has not made the requisite showing. First, it is not clear from the motion or from the verified complaint that Plaintiff will suffer irreparable injury, loss, or damage before Santa Clara pueblo or its attorney can be heard in opposition. Plaintiff himself states in his motion that the entrance to his property has been blocked since January of 2001. In addition, Plaintiff has not shown that he has made any attempts to provide the pueblo with notice of his request or that notice should not be required in this case. Therefore, Plaintiff has not shown that he has a clear and unequivocal right to a TRO without notice.

Plaintiff is *pro se* in this matter, and the Court is cognizant of its obligation to construe his pleadings liberally. *See Adams v. Anderson*, -- F.3d --, 2001 WL 725807, *3 (10th Cir. 2001) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)). Therefore, at this time, the Court is inclined to deny Plaintiff's request for a TRO only to the extent that Plaintiff seeks a TRO without first having provided notice to the pueblo. If Plaintiff does provide notice and the pueblo responds, the Court will then make a ruling as to whether a hearing on Plaintiff's motion is warranted.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion for a Temporary Restraining Order is hereby **DENIED to the extent that Plaintiff seeks a TRO without notice.**

_____
MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE